**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**EXCEL EVANS, III**                                                                 **PLAINTIFF**

**V.**                                        **NO. 2:07CV00134-JMM/BD**

**CORRECTIONAL MEDICAL SERVICES,** *et al.*                  **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to United States District

Court Judge James M. Moody.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.  Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.   **Background**:

Plaintiff Excel Evans III was an Arkansas Department of Correction ("ADC")

inmate at the time he filed a pro se Complaint under 42 U.S.C. § 1983 on October 24,

2007.  Plaintiff has since been released from the ADC.  He is proceeding *in forma*

*pauperis*.  In his Complaint, Plaintiff alleges that Defendants have acted with deliberate

indifference to his medical needs.  Specifically, Plaintiff claims that Defendant Clark was

negligent in assigning Plaintiff a medical classification of M-1, which resulted in

Plaintiff's being placed on the hoe squad and being asked to perform work that he could

not perform without causing pain and discomfort.  In addition, Plaintiff claims that

Defendants Green and Hallmark failed to respond to his grievances adequately.

Defendants Clark, Green, and Hallmark have filed a motion for summary judgment

(docket entry #113).  In the motion, Defendants argue that Defendant Clark is entitled to

judgment as a matter of law because negligence in diagnosing or treating a medical

condition does not constitute deliberate indifference.  Defendant Clark argues that he

exercised his own medical judgment in classifying Plaintiff and that Plaintiff's

disagreement with his decision does not state a constitutional claim.

Defendant Green contends that she is entitled to judgment as a matter of law

because Plaintiff seeks to hold her responsible under a respondeat superior theory of

liability which does not apply to § 1983 claims.  In addition, Defendant Hallmark

contends that she is entitled to judgment as a matter of law because any failure to respond

2

to Plaintiff's grievances in the manner he thought best does not rise to a constitutional

violation.  Defendants also argue that Plaintiff has failed to exhaust his administrative

remedies.[1]

Plaintiff responded to Defendants' motion by stating that he had evidence to

present to oppose the Defendants' motion, but that he had not been able to collect such

evidence at that time (#118).  Plaintiff requested that this matter be set for a hearing so

that he could produce evidence to the Court prior to ruling on the motion (#119).  This

matter was set for an evidentiary hearing on March 31, 2009 (#125).[2]  Plaintiff failed to

appear for the hearing (#132).

The Court finds that Defendants' motion for summary judgment (#113) should be

GRANTED.

---

[1] Defendants Hallmark, Green, and Clark previously moved to have Plaintiff's
claims against them dismissed for his failure to exhaust administrative remedies (#28).
The Court construed the motion as one for summary judgment (#44).  In denying the
motion, the Court found that the allegations made by Plaintiff in his grievance were
sufficient to meet the exhaustion requirements of the PLRA as to Plaintiff's claims related
to his treatment for hemorrhoid and back pain, and his claim of deliberate indifference in
his placement on the hoe squad as to Defendants Clark, Hallmark, and Green (#49).
Accordingly, the Court will not address the issue of exhaustion in this Recommended
Disposition.

[2] This matter originally was scheduled for an evidentiary hearing on January 13,
2009 (#100).  Defendants moved to have the hearing continued based upon the inability
of Defendant Green to attend the hearing on that date (#122).  The Court granted
Defendants' motion to continue (#123) and scheduled the hearing for March 31, 2009
(#125).  Plaintiff was notified of this change (#124 and #126).

III.   **Discussion**:

    A.   *Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact.  FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.  "Although it is to be construed liberally, a *pro se* complaint must contain specific facts supporting its conclusions."  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.   *Defendant Clark*

Plaintiff claims that Defendant Clark acted with deliberate indifference to his medical needs by assigning Plaintiff the medical classification of M-1 upon his return to

4

the ADC in June 2007.  Plaintiff claims that he previously was classified as M-2 so that he was not required to lift anything that weighed more than fifteen pounds.[3]

In the motion for summary judgment, Defendant Clark argues that when he examined Plaintiff, he used his own medical judgment in classifying Plaintiff as M-1. Defendant Clark states that Plaintiff's disagreement with his classification level does not rise to the level of a constitutional violation.  Further, Defendant Clark argues that negligence in the diagnosis of a medical condition does not establish liability under § 1983 and that he was not responsible for Plaintiff's assignment to the hoe squad.  The Court agrees and finds that Defendant Clark is entitled to judgment as a matter of law.

Prison officials or their agents violate the Eighth Amendment if they commit "acts or omissions sufficiently harmful to evidence deliberate indifference to [an inmate's] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976).  The Eighth Circuit Court of Appeals has interpreted this standard as including both an objective and a subjective component: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  "The prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the

---

[3] Plaintiff's medical classification was later changed to M-2 based upon the failure of a foot injury to heal properly (#115-2 at p.12).

level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

The Eighth Circuit has specifically stated that "[p]rison doctors remain free to exercise their independent medical judgment." *Dulany*, 132 F .3d at 1240 (citing *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996)).  See also *Givens v. Jones*, 900 F 2.d 1229, 1232 (8th Cir. 1990) (prison doctors "must make treatment decisions on the basis of a multitude of factors, only one of which is the patient's input").  Furthermore, in this case, Plaintiff has failed to provide any evidence that Defendant Clark's assessment of Plaintiff was "grossly inappropriate." *Dulany*, 132 F.3d at 1241.  "Mere negligence or medical malpractice [is ] insufficient to rise to a constitutional violation." *Estelle*, 429 U.S. at 106.

Plaintiff also claims that because Defendant Clark classified him as M-2, he was assigned to the hoe squad which resulted in physical injuries.  However, the undisputed evidence presented by Defendants shows that Defendant Clark was not responsible for making any such assignment (#115-2 at p.1-2).  Therefore, Plaintiff has failed to create any material question of fact on this issue.

C.     *Defendant Green*

Defendant Green is the infirmary manager at East Arkansas Regional Unit of the ADC.   In Plaintiff's deposition, he states that he has sued Ms. Green because she is a supervisor and is responsible for those individuals she supervises (#115-2 at p.21).

Plaintiff admits that he never had a conversation with Defendant Green or directly communicated his complaints to her.[4]

Defendants are correct that respondeat superior is not a basis for liability under § 1983.  See *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 851 (8th Cir. 2006) (citations omitted) (affirming that the doctrine of respondeat superior is inapplicable to § 1983 claims).  Here, Plaintiff fails to provide any evidence that Defendant Green directly participated in any alleged constitutional violation or learned of any alleged constitutional violation and failed to act.  Accordingly, Defendant Green is entitled to judgment as a matter of law.

D.    *Defendant Hallmark*

Plaintiff alleges that Defendant Hallmark responded to Plaintiff's informal resolution by stating that he needed to see a doctor.  Plaintiff complains that he was not seen by the infirmary staff until two days after he had filed the informal resolution. Plaintiff has not presented any evidence that he sustained any additional injuries as a result of any delay in treatment to preclude the granting of summary judgment in Defendant Hallmark's favor.

When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be

---

[4]  The Court notes that Plaintiff's statements directly contradict allegations contained in his Amended Complaint in which he states that he informed Defendant Green of his medical conditions and his need for treatment (#5).

7

measured 'by reference to the effect of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), abrogation on other grounds recognized by *Reece v. Groose*, 60 F.3d 487, 492 (8th Cir. 1995) (quoting *Hill v. Dekalb Regional Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Therefore, the inmate "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (quoting *Hill*, 40 F.3d at 1188); see also *Jackson v. Hallazgo*, 30 Fed. Appx. 668 (8th Cir. Mar. 6, 2002) (unpub. per curiam) (citing *Coleman v. Rahija*, 114 F.3d at 778, 784 (8th Cir. 1997) ("[a]n inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs")); *O'Neal v. White*, 221 F.3d 1343, *1 (8th Cir. July 12, 2000) (unpub. per curiam) (citing *Crowley*, 109 F.3d at 502) (concluding that plaintiff's "failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim")).

Here, Plaintiff has failed to produce any such evidence. Rather, the undisputed evidence presented by Defendants shows that Plaintiff submitted his informal resolution on July 23, 2007. At that time, Defendant Hallmark responded that Plaintiff would have to see a doctor for his complaints. On July 25, 2007, Plaintiff was seen in the infirmary, and was referred to a doctor. On July 29, 2007, Dr. Suphan evaluated Plaintiff. Under

these undisputed facts, Plaintiff cannot show that Defendant Hallmark acted with

deliberate indifference to his medical needs.

Further, Defendants correctly state in their motion that Defendant Hallmark's

alleged failure to respond to Plaintiff's grievance in a timely manner does not rise to the

level of a constitutional violation.  See *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

1993) (failure to process grievances fails to state an actionable claim under § 1983).

Accordingly, Defendant Hallmark also is entitled to judgment as a matter of law.

**IV.**     **Conclusion**:

The Court recommends that Defendants' motion for summary judgment (#113) be

GRANTED and that this case be dismissed with prejudice.

DATED this 3rd day of April, 2009.

_____

UNITED STATES MAGISTRATE JUDGE